# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Office of the Attorney General



**ATTORNEY GENERAL**
**BRIAN L. SCHWALB**

Office of the Solicitor General

April 17, 2024

Via CM/ECF

Mark J. Langer, Clerk of the Court
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re: *Pierre-Noel v. Bridges Public Charter School*, No. 23-7057 (scheduled for oral argument on April 19, 2024 before Chief Judge Srinivasan, Judge Henderson, and Judge Rao)

Dear Mr. Langer:

      The District of Columbia submits this letter to inform the Court of a factual change in this case not previously disclosed in the parties' briefs. In the past week, undersigned counsel learned for the first time that the student in this case, K.N., is no longer enrolled at Bridges Public Charter School, and has not been enrolled since the beginning of the 2023-24 school year. It is the District's understanding that K.N.'s family voluntarily enrolled K.N. at a private school in September 2023, and that since that time, he has not received any instruction or supportive services from Bridges. It is also the District's current understanding that K.N. has recently begun pursuing enrollment with D.C. Public Schools for the remainder of the current school year, but that this enrollment is not yet complete, and that K.N. is not yet attending. Given the impending oral argument, the District deemed it important to notify the Court promptly, as the undersigned had been under the misimpression that K.N. was still enrolled at Bridges when the District filed its brief in this case. *See* District Br. 8.

      This factual circumstance raises a substantial question about whether this case is moot. The relief requested in this appeal is an order from this Court "instruct[ing] the district court to order the District or Bridges to assist K.N. between his condo and the school bus so he can get to school with his peers." Pierre-Noel Br. 35. That purely prospective relief is unavailable because K.N. is no longer attending Bridges (or, it appears, any public school in the District). He is therefore ineligible to receive public school transportation to and from Bridges. *See Johnson v. Charlotte-Mecklenburg Sch. Bd. of Educ.*, 20 F.4th 835, 843 (4th Cir. 2021) (holding that a claim

for prospective relief under the IDEA is moot once a student no longer attends public school in that school district).

It also does not appear that Pierre-Noel is pursuing—or has preserved—a claim for any form of retrospective relief that could save this case from being moot. Even where a claim for prospective relief under the IDEA has become moot, a case can still present "a live controversy" if, for example, the plaintiff has made "an explicit demand for compensatory education" to remedy alleged past failures. *Boose v. District of Columbia*, 786 F.3d 1054, 1058 (D.C. Cir. 2015). In her briefing to this Court, however, Pierre-Noel has never advocated for compensatory education or any other type of retrospective relief. *See Larsen v. U.S. Navy*, 525 F.3d 1, 4-5 (D.C. Cir. 2008) (declining to consider argument against mootness that party "never argue[d]" in its briefs).

Likewise, before the district court, Pierre-Noel requested only declaratory and injunctive relief with respect to her transportation claim, along with a request for any other relief that the court deemed "just and proper." JA 503. This Court has observed that this type of "boilerplate request" is insufficient to preserve a claim for compensatory education and "forestall mootness." *Lesesne ex rel. B.F. v. District of Columbia*, 447 F.3d 828, 833 (D.C. Cir. 2006). Multiple other circuits have similarly held that the failure to explicitly request compensatory education in an IDEA complaint forfeits the claim. *See Johnson*, 20 F.4th at 845 ("We therefore hold that a plaintiff ordinarily must include in her federal complaint a request for compensatory education to avoid dismissal for mootness when the student no longer is enrolled in the defendant school system."); *Lauren C. by & through Tracey K. v. Lewisville Indep. Sch. Dist.*, 904 F.3d 363, 373§ (5th Cir. 2018) (similar); *Moseley v. Bd. Of Educ. Of Albuquerque Pub. Sch.*, 483 F.3d 689, 693-94 (10th Cir. 2007) (similar); *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 90 (2d Cir. 2005) (similar).

It is also not currently clear whether any exception to the mootness doctrine applies here. The doctrinal exception for an action "capable of repetition, yet evading review" requires (1) the challenged action to be "too short" in duration to be fully litigated prior to its cessation and (2) "a reasonable expectation that the same complaining party would be subjected to the same action again." *Clarke v. United States*, 915 F.2d 699, 704 (D.C. Cir. 1990) (en banc). An IDEA action affecting a student's placement for a single school year satisfies the first prong of this test. *See Jenkins v. Squillacote*, 935 F.2d 303, 307 (D.C. Cir. 1991). As to the second prong, while the District could face the same legal questions presented in this case in future cases, the District is not the "complaining party" in this case. And it is also unclear whether the District is likely to be confronted again with these same questions regarding the same student, given K.N.'s potential re-enrollment in a public school within the District. *See District of Columbia v. Doe*, 611 F.3d 888, 895 (D.C. Cir. 2010).

The District will be prepared to address the issue of mootness further at oral argument and would welcome the opportunity to submit additional briefing on the issue should the Court request.

Sincerely,

BRIAN L. SCHWALB
Attorney General

By: /s/ Jeremy R. Girton
JEREMY R. GIRTON
Assistant Attorney General

cc: All counsel (via ECF)